Feeley v. Royal, Grimm & Davis, Inc.  CV-92-526-SD  09/25/96
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


James A. Feeley


    v.                                      Civil No. 91-526-SD

Royal, Grimm & Davis, Inc.;
Jay V. Grimm


O R D E R

This matter comes before the court on plaintiff's motion for a new trial.  Document 122.  The defendants object.  Document 123.


1.  Background

In this case, plaintiff alleged that the defendants tortiously interfered with plaintiff's employment contract with the former BankEast Corporation.  The case was tried over several days to a jury.

With the input of counsel, special verdict questions were submitted to the jury.  At the request of plaintiff's counsel, and over the objection of defendants' counsel, the first two of these questions were directed to plaintiff's knowledge of damages sustained by him prior to January 18, 1988.  At no time prior to

the discharge of the jury did plaintiff's counsel object to the form of, submission to, or answers returned by the jury to these questions.

The affirmative answers of the jury to the two questions triggered application of the relevant statute of limitations, resulting in the return of verdicts for defendants. Plaintiff now contends that the jury's answer to the second of these questions was inconsistent with the court's instructions and contrary to the clear weight of the evidence.

## 2. Discussion

A motion for new trial is addressed to the discretion of the court and will not be granted unless the verdict was so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice. Fernandez v. Corporacion Insular De Seguros, 79 F.3d 207, 211 (1st Cir. 1996); Federico v. Order of St. Benedict in Rhode Island, 64 F.3d 1, 5 (1st Cir. 1995); Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994). And, unless the alleged error was fundamental, a new trial will not be granted on grounds which were not called to the court's attention during the trial. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993); 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL (SECOND) § 2805, at 57, 58 (West 1995).

2

Additionally, where, as is here the case, the claim is of inconsistency in civil jury verdicts, such claim must be advanced before the jury is discharged.  <u>Kavanaugh v. Greenlee Tool Co.</u> 944 F.2d 7, 11 (1st Cir. 1991).

Having failed to call his claim of inconsistency in the answers to the special verdict questions to the attention of the court prior to discharge of the jury, and having failed to object to the form of or submission of such verdicts to the jury, the plaintiff is not now entitled to claim a right to a new trial.

3.  Conclusion

Plaintiff's motion for new trial must be and it is accordingly herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

September 25, 1996

cc:  Robert E. Murphy, Jr., Esq.
     William L. Chapman, Esq.
     Andrew D. Dunn, Esq.

3